## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6799 | **DATE** | 6/17/2004 |
| **CASE TITLE** | Brian Morris vs. Village of Robbins | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion, the Court hereby grants in part and denies in part defendants' motion for summary judgment. The parties are directed to exchange their proposed witness lists by 06/24/04. Motions in limine are to be filed by 07/01/04. Responses to the motions in limine are to be filed by 07/08/04 and replies by 07/15/04. The parties are to submit to this Court's chambers the joint pretrial order as outlined on this Court's web page by 07/15/04. Pretrial conference set for 07/22/04 at 10:30 a.m. Jury trial set to begin on 07/26/04 at 9:30 a.m. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | JUN 18 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. The Court issued memorandum opinion to the parties. | | 40 |
| | Mail AO 450 form. | Docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MW6 | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


JUN 1 8 2004

BRIAN MORRIS, JAMES HARRIS, )
GENTILE TABOR, and MARCUS )
WASHINGTON, )
 )
        Plaintiffs, )
 )
v. ) No. 01 C 6799
 )
VILLAGE OF ROBBINS, et al., )
 )
        Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion for summary judgment. For the reasons stated below we grant the motion for summary judgment in part and deny the motion in part.

## BACKGROUND

In the evening of December 16, 1999, the Village of Robbins Police Department received a complaint indicating that individuals appeared to be selling drugs from vehicles parked near 139th Street and Grace Street. Defendant Chief Johnny Holmes ("Holmes"), in plain clothes, responded to the call and noticed two

vehicles in the area. One of the vehicles was a tan Nissan Maxima that matched the description by the caller. Holmes then left the area and contacted a police tactical unit which called Defendant officers Carl Scott ("Scott"), Dion Kimble ("Kimble"), Anthony Hosey ("Hosey"), and Tytus Lester (Lester") to the scene. The officers approached the scene in an unmarked van. Defendants contend that when the officers began to exit the van, the Maxima began to drive rapidly away from the area. According to Defendants, Scott was in the direct path of the Maxima and he jumped out of the way and fired at the vehicle. A bullet struck the driver, Plaintiff Brian Morris ("Morris"). Defendants contend that the Maxima continued to travel away from the scene, but eventually stopped.

Plaintiffs claim that the officers had no reason to suspect them of violating any laws. According to Plaintiffs, the officers approached their car with drawn weapons and "Morris drove off slowly because he did not know what was going on." (SAF 24, 25). Plaintiffs claim that Scott was never in the path of the moving Maxima and claim that he fired into the vehicle without justification. Plaintiffs claim that they were charged with misdemeanor offenses and that they were subsequently released and the charges were dismissed. Plaintiffs brought the instant suit against Defendant officers and Defendant Village of Robbins ("Village") alleging violations of 42 U.S.C. § 1983 ("Section 1983") for excessive force, false arrest, and failure to return a jacket.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most

favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I. Claim Against the Village

The Village argues that it cannot be held liable under Section 1983 as a matter of law. The doctrine of *respondeat superior* cannot be utilized to hold local governmental units liable for Section 1983 violations. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). A municipal governmental unit cannot be held liable under Section 1983 "unless the deprivation of constitutional rights is caused by a municipal policy or custom." *Kujawski v. Board of Comm'rs. of Bartholomew County, Indiana*, 183 F.3d 734, 737 (7th Cir. 1999). A local governmental unit's unconstitutional policy, practice or custom can be: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a 'custom or usage' with the force of law; or (3) an allegation that a person with final policymaking authority caused the injury." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004).

Plaintiffs do not respond in any manner to Defendants' arguments regarding the Village's liability. We agree that there is a complete absence of any evidence

4

that would show that the alleged unlawful conduct by the Defendant officers at the scene was in any way connected to a Village custom, policy, or practice or that the Village ratified the alleged conduct of the Defendant officers. Plaintiffs cannot merely rely upon the allegations in their complaint at this stage of the proceedings. Plaintiffs do not even put forth an argument on this issue in their answer to the instant motion. Therefore, we grant the Village's motion for summary judgment.

II. Claims Against Holmes

Holmes argues that he cannot be held liable in his individual capacity under Section 1983 because he was not personally involved in the alleged unlawful conduct. The doctrine of *respondeat superior* is not applicable in a Section 1983 action. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Therefore, in order to hold a defendant liable in his individual capacity the individual defendant must be "personally responsible for the deprivation of a constitutional right," which can be illustrated by showing that the defendant "directed the conduct causing the constitutional violation," the violation "occurred with his knowledge or consent," or the defendant acted with "'deliberate, reckless indifference' to the conduct of subordinates." *Id.*

Plaintiffs admit, pursuant to Local Rule 56.1, that Holmes was not present at the scene at the time of the shooting. (Resp. SF 13). There is no evidence that Holmes, in his supervisory capacity, in any way instructed the Defendant officers at

the scene to act in the alleged unlawful conduct, condoned, or ratified such alleged conduct. Furthermore, Plaintiffs admit, pursuant to Local Rule 56.1, that "Holmes asked the tactical unit to go to the area of 139h Street and Grace and investigate the complaint of drug activity." (Resp. SF 20). Thus, Holmes asked an independent unit to conduct the investigation on its own. Therefore, we grant Holmes' motion for summary judgment.

### III. Claims Against the Individual Officers at the Scene

The Defendant officers at the scene move for summary judgment on all claims against them. The officers first argue that their actions are protected by qualified immunity. Law enforcement officers are entitled to "qualified immunity for conduct performed within the scope of their official duties . . . if 'the plaintiff has shown a violation of h[is] constitutional rights, and . . . those constitutional rights were clearly established at the time of the violation, 'such that a reasonable official would understand that what he was doing violates those rights.'" *Dunn v. City of Elgin*, 347 F.3d 641, 648 (7th Cir. 2003)(quoting in part *Morrell v. Mock*, 270 F.3d 1090, 1094 (7th Cir.2001)).

#### A. Excessive Force Claim

In regard to the excessive force claim, there is nothing in the facts that could lead a reasonable trier of fact to conclude that the officers other than Scott took any

actions that would not be covered by qualified immunity. Defendants legitimately had reason to believe that drugs were being sold at the location. A caller reported suspicious circumstances to the police. Another officer had radioed in that there was a Maxima that fit the description by the caller. Defendants contend that the area is a high crime area. Therefore, the officers acted reasonably when they approached the car in the unmarked van and exited the van with their guns ready.

Even though the officers' actions when they arrived at the scene were reasonable under the circumstances, the shooting by Scott involves material contested facts. Defendants argue that the "definitive evidence" shows that the Maxima accelerated rapidly towards Scott and that he fired at the vehicle as it went by. (Mot. 16). Defendants further argue that the shooting was justified because a vehicle that attempts to run down a police officer will likely be a threat to other citizens as it flees from the police. If these facts were not disputed certain preventative actions by an officer may well be justified. However, Plaintiffs' version of events directly contradicts Defendants' version of events in this regard. Plaintiffs contend and have testified, that the Maxima was never heading toward Scott and Plaintiffs have testified that they slowly pulled away from the scene. (Resp. SF 36, 37, 38)(SAF 26). The only evidence cited by Defendants indicating that Scott was in the path of the oncoming Maxima and that it accelerated rapidly is Scott's, Hosey's, and Lester's deposition testimony. (SF 36, 37, 38, 75, 89, 90). On the other hand, Morris testified at his deposition that Scott was never in the path of

the Maxima and that the Maxima pulled away slowly. (Morris dep. 59-61). This factual dispute involving the shooting by Scott is exactly the type of disputes that preclude summary judgment and must be resolved by the trier of fact. There is no evidence that the officers, other than Scott, had any involvement in the shooting. Therefore, we grant all of the officers', except Scott's, motions for summary judgment on the excessive force claims. We deny Scott's motion for summary judgment on the excessive force claim.

### B. False Arrest Claim

Plaintiffs also allege a false arrest claim. The Defendant officers at the scene of the shooting claim that the Maxima accelerated away from the scene and almost ran over Scott and therefore the arrest was lawful. However, as indicated above, Plaintiffs' version of the facts are contrary to Defendants' version of the facts. Whether or not the arrest was proper is dependent upon the facts that transpired prior to the arrest. The factual findings on this issue must be made by the trier of fact at trial. Therefore, we deny the motion for summary judgment on the false arrest claims.

### C. Failure to Return Jacket Claim

Plaintiff James Harris also claims that his leather jacket was not returned to him. However, there is no indication from the evidence that the Defendant officers

would be responsible for the return of Harris' leather jacket. Therefore, we grant the motion for summary judgment on the claims involving the alleged failure to return Harris' jacket against the Defendant officers at the scene.

## CONCLUSION

Based on the foregoing analysis, we grant the motion for summary judgment on all claims against the Village, on all claims against Holmes, and on all excessive force claims brought against the Defendant officers at the scene of the shooting except for Scott. We deny Scott's motion for summary judgment on the excessive force claim. We deny the motion for summary judgment on the false arrest claims and we grant the motion for summary judgment on the claim based upon the alleged failure to return Harris' jacket.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 16, 2004