02918-341-ROBB                                           Attorney No. 13507

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

JUL 0 1 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

BRIAN MORRIS, JAMES HARRIS,               )
GENTILE TABOR, and MARCUS                 )
WASHINGTON,                               )
                                          )
      Plaintiffs,                         )
                                          )
      vs.                                 )   Case No.: 01 C 6799
                                          )
VILLAGE OF ROBBINS,                       )   Judge Samuel Der-Yeghiayan
a municipality, ROBBINS CHIEF OF          )
POLICE JOHNNY HOLMES, in                  )
his official capacity and his individual  )
capacity; ROBBINS POLICE OFFICER          )
CARL SCOTT, Star No. 358, in his          )
official capacity and his individual      )
capacity; ROBBINS POLICE OFFICER          )
DION KIMBLE, Star No. 323 in his official )
capacity and his individual capacity;     )
ROBBINS POLICE OFFICER ANTHONY            )
HOSEY, Star No. 311, in his official      )
capacity and his individual capacity,     )
ROBBINS POLICE OFFICER TYRUS              )
LESTER, Star No. 703, in his official     )
capacity and his individual capacity,     )
                                          )
      Defendants.                         )

**DOCKETED**

JUL 0 2 2004

## NOTICE OF FILING

TO:    Michael J. Levinsohn
        200 W. Superior
        Suite 210
        Chicago, Illinois  60610

      **PLEASE TAKE NOTICE** that on the 1st day of July, 2004, we filed with the United States

District Court for the Northern District of Illinois, the attached Defendants' Consolidated Motions

in Limine, Defendants' Memorandum in Support of Its Motions in Limine #14 and #17 to Bar and

Exclude Any Reference to Claims of Excessive Force and/or Violations of Civil Rights Made

Against the Defendant Police Officers by Persons Other Than the Plaintiff, Defendants'

Memorandum in Support of Their Motion in Limine #4 to Bar and Exclude Any Reference to Other

Claims and/or Lawsuits, and Defendants Memorandum in Support of Motion in Limine #16 to Bar

and Exclude Any Reference to Performance Reviews of the Defendant Police Officers.

> Bollinger, Ruberry & Garvey
> 500 West Madison Street, Suite 2300
> Chicago, Illinois 60661
> (312) 466-8000

## *CERTIFICATE OF SERVICE*

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, I, the undersigned, a non-attorney, on oath certify that the statements set forth in this instrument are true and correct and that I served a copy of Defendants' Consolidated Motions in Limine, Defendants' Memorandum in Support of Its Motions in Limine #14 and #17 to Bar and Exclude Any Reference to Claims of Excessive Force and/or Violations of Civil Rights Made Against the Defendant Police Officers by Persons Other Than the Plaintiff, Defendants' Memorandum in Support of Their Motion in Limine #4 to Bar and Exclude Any Reference to Other Claims and/or Lawsuits, and Defendants Memorandum in Support of Motion in Limine #16 to Bar and Exclude Any Reference to Performance Reviews of the Defendant Police Officers on counsel of record as listed above, via U.S. Mail, on or before 5:00 p.m., on July 1, 2004.

02918-341-ROBB

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**



BRIAN MORRIS, JAMES HARRIS,
GENTILE TABOR, and MARCUS
WASHINGTON,

Plaintiffs,

vs.

ROBBINS POLICE OFFICER
CARL SCOTT, Star No. 358, in his
official capacity and his individual
capacity; ROBBINS POLICE OFFICER
DION KIMBLE, Star No. 323 in his official
capacity and his individual capacity;
ROBBINS POLICE OFFICER ANTHONY
HOSEY, Star No. 311, in his official
capacity and his individual capacity,
ROBBINS POLICE OFFICER TYRUS
LESTER, Star No. 703, in his official
capacity and his individual capacity,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 01 C 6799

Judge Samuel Der-Yeghiayan

Magistrate Judge Levin

**DOCKETED**

JUL 0 2 2004

## DEFENDANTS' CONSOLIDATED MOTIONS IN LIMINE

NOW COME the Defendants, CARL SCOTT, DION KIMBLE, ANTHONY HOSEY,

TYRUS LESTER, by their attorneys, Bollinger, Ruberry & Garvey, and submit the following

Motions *In Limine*, in support whereof, Defendants' state as follows:

1. Defendants move to bar and exclude any reference to settlement demands or offers
made by Defendant(s).

2. Defendants move for an order excluding witnesses, who are not parties, from being
present in the court-room and attending the trial when they are not testifying.

3. Defendants move to bar and exclude any reference to the Village of Robbins' size,
financial condition, affiliated entities, parents, subsidiaries, or agents.

4.     Defendants move to bar and exclude any reference to lawsuits, other than this one, in which the Village of Robbins and/or the Robbins police department, and/or any of the individual Defendants have been a party.

5.     Defendants move to bar and exclude any reference to the existence of insurance which may cover the payment of Plaintiffs's claim in this matter or the fact that Defendants may be covered, defended or in any way associated with an insurance company.

6.     Defendants move to bar and exclude any reference to any comment, argument or reference to judgements, orders or rulings which the Judge has made in this case with reference to questions of law other than those contained in the jury instructions.

7.     Defendants move to bar and exclude any reference to any comment, argument or evidence regarding the conduct of counsel in this case.

8.     Defendants move to bar and exclude any reference to any comment, argument or evidence requesting damages intended to punish the Defendants, deter other conduct, or regarding the need to award damages to satisfy any purpose no in accordance with the approved jury instruction , as no count for punitive damages has ben made in this case.

9. Defendants move to bar and exclude any reference to any comment, argument or evidence conduct of counsel in this case. Defendants move to bar and exclude any reference to the method(s) by which the law firms representing any of the parties in this action are being compensated by the parties.

10.     Defendants move to bar any statement of the law, other  than regarding the (a) burdens of proof and (b) status of parties as Plaintiffs and  defendant, before the Court rules on the law applicable to this case.

11.     Defendants move to bar any reference to the fact that  Defendants have made a Motion in Limine or the Court's  ruling thereon.

12.     Defendants move to bar and exclude any reference to claims made by the Plaintiffss which  have been resolved by summary judgment.

13.     Defendants move to bar and exclude any reference to other famous, infamous or

-2-

notorious cases which may have been in the news as such reference to other matters is likely to confuse the jury and unfairly prejudice the Defendants.

14.     Defendants move to bar and exclude any reference to claims made by persons other than the Plaintiffs against the Defendant police officers as such claims are not relevant to the claims made by the Plaintiffs and admission of evidence or testimony regarding claims made by other persons would confuse the jury and unfairly prejudice the Defendants.

15.     Defendants move to bar and exclude any reference to investigations into claims made by persons other than the Plaintiffs against the Defendant police officers as such investigations of said claims are not relevant to the claims made by the Plaintiffs and admission of evidence or testimony regarding would confuse the jury and unfairly prejudice the Defendants.

16.     Defendants move to bar and exclude any reference to employee performance reviews of the Defendant police officers as such performance reviews are not relevant to the claims made by the Plaintiffs and admission of evidence or testimony regarding would confuse the jury and unfairly prejudice the Defendants.

17.     Defendants move to bar and exclude any reference to any claims for personal injuries or violations of civil rights made by persons other than the Plaintiffs against the Defendant Village of Robbins and/or Defendant police officers as such claims are not relevant to the claims made by the Plaintiffs and admission of evidence or testimony regarding such claims would confuse the jury and unfairly prejudice the Defendants.

18.     Defendants move for an admonition and instruction that irreparable injury would result to Defendants if such matters were divulged, even though timely objection were to be made and sustained. As a result, Defendants request an order that the Plaintiffs and their counsel are hereby instructed to approach the bench and obtain leave of Court prior to going into such matters as are the subject of this Order in Limine in the presence of the jury; and further that the Plaintiffs and their counsel are likewise instructed to advise their witnesses of the contents and meaning of this Order in Limine, and that such witnesses shall be expected to conduct themselves accordingly.

-3-

Respectfully submitted,

ATTORNEYS FOR DEFENDANTS,

By: _____
One of its Attorneys

Mark F. Wolfe
Michael P. Latz
BOLLINGER, RUBERRY & GARVEY
500 West Madison, Suite 2300
Chicago, Illinois 60661-2551
312-466-8000

-4-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED

JUL 0 1 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

BRIAN MORRIS, JAMES HARRIS,
GENTILE TABOR, and MARCUS
WASHINGTON,

            Plaintiffs,

       vs.

ROBBINS POLICE OFFICER
CARL SCOTT, Star No. 358, in his
official capacity and his individual
capacity; ROBBINS POLICE OFFICER
DION KIMBLE, Star No. 323 in his official
capacity and his individual capacity;
ROBBINS POLICE OFFICER ANTHONY
HOSEY, Star No. 311, in his official
capacity and his individual capacity,
ROBBINS POLICE OFFICER TYRUS
LESTER, Star No. 703, in his official
capacity and his individual capacity,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 01 C 6799

Judge Samuel Der-Yeghiayan

Magistrate Judge Levin

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE #4 TO BAR AND EXCLUDE ANY REFERENCE TO OTHER CLAIMS AND/OR LAWSUITS

NOW COME the Defendants, by their attorneys, Bollinger, Ruberry & Garvey, and submit the following Motion *In Limine* to bar and exclude any reference to civil claims and/or lawsuits other than the instant lawsuit made by the Plaintiff. In support whereof, Defendants' state as follows:

Defendants move to bar and exclude any reference to any other claims or lawsuits made against Defendants or against any other person, municipality and/or entity, as such claims and lawsuits are not relevant to the Plaintiff's remaining claims. F.R. Evid. 402.

44

Federal Rule of Evidence 403 states that: "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.Evid. 403, (West, 2001).

In the instant case, the introduction of testimony and/or evidence of incidents which gave rise to claims made by other persons against these Defendants, or against other Defendants would only confuse and inflame the jury. It is likely that reference to any such claims would cause the jury to consider improper matters in reaching its decision and therefore prejudice the Defendants and deny the Defendants a fair trial.

Wherefore Defendants respectfully request that this Honorable Court enter an order granting Defendants' Motion *In Limine* to bar and exclude any reference to civil claims and/or lawsuits other than the instant lawsuit made by the Plaintiff, for any other and further relief that this Court deems just and appropriate.

Respectfully submitted,

ATTORNEYS FOR DEFENDANTS,

By: _____
One of its Attorneys

Mark F. Wolfe
Michael P. Latz
BOLLINGER, RUBERRY & GARVEY
500 West Madison, Suite 2300
Chicago, Illinois 60661-2551
312-466-8000

02918-341-ROBB

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

*FILED*

*JUL 0 1 2004*

*MICHAEL W. DOBBINS*
*CLERK, U.S. DISTRICT COURT*

| | |
|---|---|
| BRIAN MORRIS, JAMES HARRIS, GENTILE TABOR, and MARCUS WASHINGTON, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.: 01 C 6799 ) ) Judge Samuel Der-Yeghiayan ) ) Magistrate Judge Levin |
| ROBBINS POLICE OFFICER CARL SCOTT, Star No. 358, in his official capacity and his individual capacity; ROBBINS POLICE OFFICER DION KIMBLE, Star No. 323 in his official capacity and his individual capacity; ROBBINS POLICE OFFICER ANTHONY HOSEY, Star No. 311, in his official capacity and his individual capacity, ROBBINS POLICE OFFICER TYRUS LESTER, Star No. 703, in his official capacity and his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTIONS IN LIMINE #14, and # 17 TO BAR AND EXCLUDE ANY REFERENCE TO CLAIMS OF EXCESSIVE FORCE AND/OR VIOLATIONS OF CIVIL RIGHTS MADE AGAINST THE DEFENDANT POLICE OFFICERS BY PERSONS OTHER THAN THE PLAINTIFF

NOW COME the Defendants, by their of their attorneys, Bollinger, Ruberry & Garvey, and submit the following Motion *In Limine* to bar and exclude any reference to claims of excessive force and/or violations of civil rights made against the Defendant police officers by persons other than the Plaintiff Morris, in support whereof, Defendants' state as follows:

Defendants move to bar and exclude any reference to the claims of excessive force and/or violations of civil rights made against the Defendant police officers by persons other than the

Plaintiff Morris because any such claims and incidents are not relevant to the Plaintiffs' remaining claims. F.R. Evid. 402.

Any reference to claims made by other persons would confuse the jury and prejudice the Defendants. This is especially true where other claims made against the Defendant police officers were never proven and found to be unsubstantiated. Federal Rule of Evidence 403 states that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.Evid. 403, (West, 2001).

In the instant case, the introduction of testimony and/or evidence of incidents which gave rise to claims of excessive force and/or violations of civil rights against the Defendant police officers by person(s) other than the Plaintiff Morris would suggest other bad acts by the police officers, and as such, would constitute character evidence offered to prove conduct. Federal Rule of Evidence Rule 404 states that such character evidence is not admissible to prove conduct. F.R.Evid. 404.

Wherefore Defendants respectfully request that this Honorable Court enter an order granting Defendants' Motion *In Limine* to bar and exclude any reference to claims made against Defendant police officers by anyone else except for Plaintiffs.

Respectfully submitted,

ATTORNEYS FOR DEFENDANTS,

By: _____
One of its Attorneys

Mark F. Wolfe
Michael P. Latz
BOLLINGER, RUBERRY & GARVEY
500 West Madison, Suite 2300
Chicago, Illinois 60661-2551
312-466-8000

-2-

02918-341-ROBB

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| BRIAN MORRIS, JAMES HARRIS, GENTILE TABOR, and MARCUS WASHINGTON, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.: 01 C 6799 ) ) Judge Samuel Der-Yeghiayan ) ) Magistrate Judge Levin ) |
| ROBBINS POLICE OFFICER CARL SCOTT, Star No. 358, in his official capacity and his individual capacity; ROBBINS POLICE OFFICER DION KIMBLE, Star No. 323 in his official capacity and his individual capacity; ROBBINS POLICE OFFICER ANTHONY HOSEY, Star No. 311, in his official capacity and his individual capacity, ROBBINS POLICE OFFICER TYRUS LESTER, Star No. 703, in his official capacity and his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION IN LIMINE #16 TO BAR AND EXCLUDE ANY
REFERENCE TO PERFORMANCE REVIEWS OF
THE DEFENDANT POLICE OFFICERS**

NOW COME the Defendants, by their attorneys, Bollinger, Ruberry & Garvey, and submit the following Motion *In Limine* to bar and exclude any reference to performance reviews of the Defendant police officers which refer to any correction, reprimand or discipline which arose from the incident at issue or a different incident. In support whereof, Defendants state as follows:

Defendants move to bar and exclude any reference to performance reviews of the Defendant police officers which refer to training and/or Robbins Police policy or procedure as claims involving such issues were resolved by summary judgment order. Further, Defendants move to exclude any reference to such performance reviews they are not relevant to the plaintiff's remaining claims. F.R. Evid. 402.

44

Even if the performance reviews are considered relevant to the remaining claims, reference to reprimands, corrections or discipline would confuse the jury and invite the jury to consider matters which have no relevance to the incident at issue and to matters that have been already resolved by this court, namely the claims against the Village. Federal Rule of Evidence 403 states that: "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.Evid. 403, (West, 2001).

Further, the introduction of such evidence would invite the jury to reach decisions based upon improper criteria. Further, the usefulness of such evidence is greatly outweighed by its likelihood to confuse the jury and its prejudicial effect on the Defendants.

Last, the issues and facts which comprised the Plaintiff's dismissed claims have been decided by this Court and, under the doctrine of "issue preclusion," should not be relitigated. Under the doctrine of issue preclusion, a judgment on the merits absolutely bars re-litigation between the parties of every matter offered and received to sustain or defeat the claim and to every matter that might have been received for that purpose. *Golbourn v. General Motors Corp.*, 98 F. Supp.2d 975 (N.D. 2000). All of the elements necessary to preclude issues from being relitigated are present here. (1) Judgment on the merits in an earlier action; (2) the parties in the two suits are the same; and (3) the claims at issue in the two suits are the same. See *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996) and *Brzostowski v. Laidlaw Waste Systems*, 49 F.3d 337, 338 (7th Cir. 1995) (A claim has "identity" with a previously litigated matter if it emerges from the same "core of operative facts" as that earlier action.).

Wherefore Defendants respectfully request that this Honorable Court enter an order granting Defendants' Motion *In Limine* to bar and exclude any reference to the claims which were made by the plaintiff and which were resolved by summary judgment order and the allegations relied on by plaintiff to support those claims, for any other and further relief that this Court deems just and appropriate.

-2-

Respectfully submitted,

ATTORNEYS FOR DEFENDANTS,

By:_____
    One of its Attorneys

Mark F. Wolfe
Michael P. Latz
BOLLINGER, RUBERRY & GARVEY
500 West Madison, Suite 2300
Chicago, Illinois 60661-2551
312-466-8000

-3-